UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ASTRID SUNDWALL** | : | 3:96CV2590 (CFD) (lead case) |
| Plaintiff | : | |
| vs. | : | 3:98CV2507 (CFD) |
| | : |    (member case)(closed) |
| | : | 3:99CV2573 (CFD) (member case) |
| **CHARLES BASIL,** | : | 3:00CV0607 (CFD) (member case) |
| **REINER, REINER & BENDETT,** | : | |
| **DAVID POLISHOOK AND** | : | |
| **ROBERT J. GAITES** | : | |
| | : | |
| Defendants. | : | |

## RULING ON MOTIONS TO DISMISS

### Background

In the lead case, 3:96cv2590 (CFD), plaintiff Astrid Sundwall seeks damages, injunctive relief, and declaratory relief against Charles Basil, David Polishook, Robert Gaites and Reiner, Reiner & Bendett. The plaintiff alleges, in a twelve-count amended complaint filed October 22, 1997, claims pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* against all defendants. She also alleges claims pursuant to the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, the Hobbs Act, 18 U.S.C. § 1951, *et seq.*, the Due Process Clause of the United States Constitution, as well as statutory and common law claims under Connecticut law.

In member case 3:99cv2573 (CFD), plaintiff seeks damages, declaratory and injunctive relief against Charles Basil, Reiner, Reiner & Bendett, Michael Reiner, Alexander Pilagin and Edward Zieky. The plaintiff alleges, in a seventeen count complaint filed March 24, 2000,

claims pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* and Connecticut law.

In member case 3:00cv607 (CFD), plaintiff seeks damages, declaratory and injunctive relief against defendants Charles Basil, Reiner, Reiner & Bendett, and Michael Reiner. In her seven count complaint filed March 31, 2000, Ms. Sundwall brings claims pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. and Connecticut law against all defendants.

On February 9, 2004, U. S. Magistrate Judge Garfinkel issued the following order in the lead case and each member case:

> ORDERED, the defendants in the action...are ordered to file a status report on or before March 30, 2004 setting forth: the remaining defendants in this action, the nature of the claims against each defendant; defenses to plaintiff's claims; the questions of fact and law common to this case and [the other member or related cases]
>
> ORDERED, the defendants in the action... are ordered to file dispositive motions on plaintiff's claims in ... on or before April 30, 2004. In the motions defendants shall address, at a minimum, the following legal issues: the statute of limitations; res judicata; the Rooker-Feldman doctrine; and the standard for establishing an attorney is a debt collector under the FDCPA. Defendants shall review and cite to all relevant rulings issued by this Court and other Courts in Ms. Sundwall's related cases...Ms. Sundwall shall have forty-five (45) days to respond to all dispositive motions. This additional time, beyond the standard twenty-one (21) day period, will allow Ms. Sundwall ample time to locate and organize her various papers. Defendants shall have fourteen (14) days to file reply briefs, which will close briefing on these motions.

**I. Defendants Charles Basil; Reiner, Reiner & Bendett; and Michael Reiner's Motion to Dismiss Claims in 3:96cv2590 (CFD); 3:99cv2573 (CFD); and 3:00cv607 (CFD)**

On April 16, 2004, Charles Basil, Reiner, Reiner & Bendett and Michael Reiner moved to dismiss the claims against them in 3:96cv2590(CFD), 3:99cv2573(CFD) and 3:00cv607(CFD).

**[Doc. #208]**. Pursuant to Magistrate Judge Garfinkel's February 9, 2004 Order, Ms. Sundwall had forty-five days to file an opposition to the motion. Under the most generous reading of Magistrate Judge Garfinkel's order, Ms. Sundwall was permitted forty-five days from April 30, 2004 to file her opposition which would have made her opposition due on June 14, 2004. Ms. Sundwall has not filed an opposition to this motion to dismiss. The Court finds that Ms. Sundwall's failure to oppose the motion is a sufficient ground for granting defendant's motion under Local Rule 7(a) and that the defendants' arguments also warrant dismissal.

### II.     Defendants David Polishook and Robert J. Gaites' Motion to Dismiss Claims in 3:96CV2590 (WIG)

On April 30, 2004, David Polishook and Robert Gaites moved to dismiss the claims against them in 3:96cv2590 (CFD) **[Doc. #209]**. Pursuant to Magistrate Judge Garfinkel's February 9, 2004 Order, referenced above, Ms. Sundwall had to June 14, 2004 to file such opposition. Ms. Sundwall has not filed an opposition to this motion to dismiss. The Court finds that Ms. Sundwall's failure to oppose the motion is a sufficient ground for granting defendants' motion under Local Rule 7(a) and that the defendants' arguments also warrant dismissal.

### III.    Defendants Alexander Pilagin and Edward Zieky's Motion to Dismiss Claims in 3:99CV2573 (CFD)

On April 30, 2004, Alexander Pilagin and Edward Zieky moved to dismiss the claims against them in 99cv2573 (CFD) **[Doc. #210]**. Pursuant to Magistrate Judge Garfinkel's February 9, 2004 Order, Ms. Sundwall had to June 14, 2004 to file her opposition. Ms. Sundwall has not filed an opposition to this motion to dismiss. The Court finds dismissal is warranted due to Ms. Sundwall's failure to file an opposition as required by Local Rule 7(a) and that the defendants' arguments also warrant dismissal.

### IV.   Dismissal Pursuant to Fed. R. Civ. P. 41(b)

The Court also finds, *sua sponte*, that Ms. Sundwall's cases should be dismissed for lack of prosecution under Fed. R. Civ. P. 41(b).  Rule 41(b) provides for involuntary dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of court."  The Second Circuit has cautioned that dismissal on this ground is "a harsh remedy to be utilized only in extreme circumstances." Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994) (citation and internal quotation marks omitted).

The Second Circuit instructs that in evaluating a Rule 41(b) dismissal, this Court should consider: 1) the duration of plaintiff's failures; 2) the notice plaintiff received of potential dismissal; 3) the prejudice that would accrue to defendant by further delay; 4) whether the district judge took care to balance the demands on his calendar with plaintiff's due process rights; and 5) whether the judge assessed the adequacy of lesser sanctions. Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997).  Here, the plaintiff has failed to take any action in these consolidated cases since posting a bond in January 2002. (See, Docket #199).  She has repeatedly resisted attempts by Magistrate Judge Garfinkel to assist her in obtaining private counsel because she claimed that the effort involved in sorting through her voluminous case files was too onerous in light of her health concerns and her overseas travel plans.  Plaintiff has also failed to object to recommended rulings in related cases in which her claims were dismissed. (See e.g., Docket #193, #194, and #202).  Plaintiff - - although *pro se* - - is an experienced litigator who has knowledge of the potential prejudicial impact of her failure to timely respond to a Court order. (See, Order of Judge Aurigemma in Sundwall v. Reiner & Reiner and Michael Reiner, Docket Number CV-95-549784-S, dismissing Sundwall's claims due to her "refusal to follow the orders of the court and

the rules of practice."). Magistrate Judge Garfinkel made clear in his September 8, 2003 Order Lifting the Stay in this case that "[t]he remaining cases must progress toward resolution." **[Doc. # 203]**. Plaintiff has also failed to comply with the order of court issued by Magistrate Judge Garfinkel on February 9, 2004. Moreover, the prejudice to the defendants in permitting her to ignore the Court's February 9, 2004 order would be harmful and unwarranted in light of all the circumstances in this case. This litigation has languished for almost nine years and defendants have been required to defend against repetitious and untimely claims against them. The Court finds that, at each juncture in this litigation, meaningful efforts were made to balance the need for efficient resolution of this litigation with this *pro se* plaintiff's due process rights. Finally, the Court has been generous in permitting Ms. Sundwall adequate time to file her objections. In Magistrate Garfinkel's February 9, 2004 Order, Ms. Sundwall was permitted forty-five days to file a response to defendants' motions to dismiss, more than double the usual time to respond. Finally, a lesser sanction would not be adequate in this case because of the age of this litigation, plaintiff's apparent waning interest in prosecuting it, plaintiff's history of misusing the court system and the underlying weakness of her claims in these cases.

## **CONCLUSION**

For the foregoing reasons, Defendants Charles Basil, Reiner, Reiner & Bendett, and Michael Reiner's motion to dismiss the claims against them in 3:96cv2590 (CFD); 3:99cv2573 (CFD);and 3:00cv607 (CFD), **(Doc. #208)** is GRANTED. Defendants David Polishook and Robert J. Gaites' motion to dismiss **(Doc. #209 )** is GRANTED. Defendants' Alexander Pilagin and Edward Zieky's motion to dismiss **(Doc. #210 )** is GRANTED. The Clerk is directed to

enter judgment for all defendants in the case and close the consolidated case and member cases.

The Clerk is directed to file a certified copy of this ruling in the member cases.

SO ORDERED  this 23rd day of November, 2004, in Hartford, Connecticut.

　　　　　　　　　　　　　　　　　　　　　/s/ CFD
　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER F. DRONEY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE